UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JAMES S. GORDON, JR.,
an individual residing in Franklin
County, Washington

        Plaintiff,

        v.

BAC HOME LOANS SERVICING,
LP, et al.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO. **CV-10-5140-LRS**

**ORDER OF DISMISSAL**

**BEFORE THE COURT** is the Defendants' Motion To Strike Plaintiff's Amended Complaint (Ct. Rec. 15). This motion is heard without oral argument.

On February 11, 2011, this court entered an "Order Granting Motion To Dismiss" (Ct. Rec. 12) which dismissed the *pro se* Plaintiff's original Complaint. That Complaint alleged the Defendants had sent unsolicited commercial electronic mail (spam) to Plaintiff and his customers, thereby violating Washington's Commercial Electronic Mail Act (CEMA), RCW 19.190.010 *et seq.*, and Consumer Protection Act (CPA), RCW 19.86.010 *et. seq.*

The court dismissed the CEMA claim as being time-barred under the applicable statute of limitations, that being the "catch-all" statute of limitations provided for in RCW 4.16.130. The court also dismissed as time-barred the

**ORDER OF DISMISSAL-**      **1**

1  Plaintiff's CPA claim premised on an alleged violation of CEMA.  To the extent,
2  however, Plaintiff intended to assert a free-standing CPA claim, the court provided
3  the Plaintiff with an opportunity to file an Amended Complaint adequately
4  alleging that receipt of unsolicited electronic messages actually injured the
5  Plaintiff in his business or property.  More specifically, the court provided the
6  Plaintiff with an opportunity to show that the unsolicited e-mails were sent from
7  domains the Plaintiff allegedly owned.

8      On March 2, 2011, Plaintiff filed a First Amended Complaint (Ct. Rec.  13)
9  which, instead of restricting itself to alleging a free-standing CPA claim, continues
10  to allege a violation of the CEMA, and adds federal claims for alleged violations
11  of the CAN-SPAM Act, 15 U.S.C. § 7701 *et seq.*, and alleged violations of federal
12  criminal statutes (18 U.S.C. §§ 1030 and 1037 of the Computer Fraud and Abuse
13  Act (CFAA)).  The First Amended Complaint is 40 pages in length and
14  accompanied by a Declaration (Ct. Rec. 14), as compared to the original
15  Complaint which was 29 pages in length and also accompanied by a Declaration.
16  Both Complaints violate the requirement of Fed. R. Civ. P. 8(a)(2) that a pleading
17  contain "a short and plain statement of the claim showing that the pleader is
18  entitled to relief."

19      Defendants request the court strike the First Amended Complaint pursuant
20  to Fed. R. Civ. P. 12(f) and allow the Plaintiff an opportunity to file a Second
21  Amended Complaint alleging only a free-standing CPA claim.  Plaintiff is not
22  deserving of that opportunity.  He was clearly advised of what he needed to plead
23  in a First Amended Complaint and he has flagrantly disregarded the court's
24  instructions, not only in violation of this court's order, but also contrary to binding
25  precedent from other cases in which the Plaintiff has been a litigant asserting
26  claims based on receipt of unsolicited electronic messages.  In addition to still
27
28  **ORDER OF DISMISSAL-      2**

failing to state a claim upon which relief can be granted, Plaintiff's First Amended Complaint is also frivolous and malicious.  Therefore, a *sua sponte* dismissal with prejudice of the entire action is warranted because Plaintiff has been given an opportunity to amend and cannot possibly win relief based on the allegations pled in his First Amended Complaint.  *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  The *pro se* Plaintiff has been a party to numerous prior actions in both the Western District of Washington and the Eastern District of Washington asserting claims based on CEMA, CPA, and the CAN-SPAM Act.[1]  He is presumed to be familiar with the legal rulings in those actions and indeed, one of his actions, *Gordon v. Virtimundo*, *Inc.*, 575 F.3d 1040 (9th Cir. 2009), was the subject of a published opinion by the Ninth Circuit Court of Appeals.  Plaintiff is also presumed to be familiar with federal pleading requirements.  It is apparent from Plaintiff's First Amended Complaint that he is attempting to improperly resurrect actions against Virtimundo, Impulse Marketing Group[2], and Subscriberbase Holdings, Inc.[3], which were either dismissed or in which judgment was entered for the defendants.

   With that background in mind, the court identifies the numerous deficiencies in Plaintiff's First Amended Complaint:

---

[1]  Including the captioned action, Plaintiff has been a party to at least 11 lawsuits in the Eastern District of Washington, all of which assert claims based on receipt of unsolicited commercial electronic mail.  Plaintiff and/or his business, Omni Innovations, Inc., have been a party to at least seven such lawsuits in the Western District of Washington.

[2]  *Gordon v. Impulse Marketing Group, Inc.*, CV-04-5125-FVS.

[3]   *Gordon v. Subscriberbase Holdings, Inc.*, CV-08-5037-LRS.

**ORDER OF DISMISSAL-**      **3**

**CEMA**

Despite the court ruling that Plaintiff's CEMA claim is time-barred, the Plaintiff nonetheless continues to assert a CEMA claim in his First Amended Complaint.[4]  This is both frivolous and malicious.

**COMPUTER FRAUD AND ABUSE ACT**

In *Cort v. Ash*, 422 U.S. 66, 79-80, 95 S.Ct. 2080 (1975), the U.S. Supreme Court held that "a bare criminal statute, with absolutely no indication that civil enforcement of any kind was available to anyone" does not provide an implied cause of action which may be pled by a civil litigant, noting that to permit civil litigants to base their actions upon criminal statutes which do not explicitly provide for civil causes of action "is to find an implied civil right of action for every individual, social, or public interest which might be invaded by violation of any criminal statute."  See also *Cent. Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 191, 114 S.Ct. 1439 (1994).

18 U.S.C. §1037 does not contain an express provision permitting a civil litigant to commence a lawsuit in the courts of the United States on the basis of the conduct prohibited by that statute, including the wrongful conduct specified in (a)(3) and (4) of which the Plaintiff appears to complain.  Because the statutory language does not contain an express civil cause of action, and the Supreme Court has made clear that courts are not to read implied civil causes of action into criminal statutes, Plaintiff's assertion of civil claims based on 18 U.S.C. § 1037 is frivolous.  See *Rogerson v. U.S.*, 2009 WL 1361875 at *1 and *5 (D.S.D. 2009).

---

[4]In *Virtimundo*, the Ninth Circuit held that a CEMA claim based on a non-deceptive act is preempted by the federal CAN-SPAM Act.  575 F.3d at 1064. The same goes for any state law claim, including a CPA claim, based on a non-deceptive act regarding commercial electronic messages.

**ORDER OF DISMISSAL-**    **4**

18 U.S.C. §3010 does contain an express provision permitting a civil litigant to commence a lawsuit on the basis of the conduct prohibited by that statute. See 18 U.S.C. §3010(g). It is apparent, however, that the wrong which Plaintiff alleges is encompassed, if at all, within §1037, rather than §1030. Presumably, this explains why Plaintiff pleads an alleged violation of "18 U.S.C. § 1037 and/or 18 U.S.C. § 1030." Plaintiff does not plead any specific facts plausibly alleging conduct prohibited by 18 U.S.C. § 3010(a)(1)-(7) or the requisite harm specified in (c)(4)(A) which entitles a person to commence a civil action under § 3010(g) for recovery of economic damages. Moreover, any civil action brought under § 3010 would be time-barred for the same reason that Plaintiff's CEMA claims are time-barred. Like CEMA, § 3010(g) contains a two year statute of limitations.

**CAN-SPAM ACT**

Plaintiff asserts a violation of the CAN-SPAM Act, 15 U.S.C. §7701 *et seq*. The court assumed that Plaintiff had omitted such a claim from his original Complaint for the reason articulated by the Ninth Circuit in *Gordon v. Virtimundo*, 575 F.3d at 1052, that Plaintiff is not a "provider of Internet access service," the class of entities upon which the CAN-SPAM Act grants standing. Citing *Virtimundo*, a number of subsequent district court decisions have dismissed Plaintiff's CAN-SPAM Act claims, including *Omni Innovations, LLC v. Smartbargains.com*, 2010 WL 771816 (W.D. Wash. 2010); *Omni Innovations, LLC v. Inviva*, 2010 WL 771499 (W.D. Wash. 2010); *Gordon v. First Premier Bank*, 2009 WL 5195897 (E.D. Wash. 2009); *Gordon v. Commonwealth Marketing Group, Inc.*, 2009 WL 3784606 and 2009 WL 5215754 (E.D. Wash. 2009); and *Gordon v. Subscriberbase Holdings, Inc.*, 2009 WL 4824788 (E.D.

**ORDER OF DISMISSAL-      5**

Wash. 2009).

**CPA**

It is still not apparent that Plaintiff has alleged that unsolicited e-mails were sent from domains he allegedly owned, but to the extent he has made that allegation, it is, at best, conclusory. All of Plaintiff's allegations of fraud and other harm to himself or his business (Omni Innovations) are conclusory and speculative.[5] (See, for example, Ct. Rec. 13 at Paragraphs 35-42). That is fatal to any free-standing CPA claim asserted by him and would also be fatal to a 18 U.S.C. §3010 CFAA claim, if that claim did not already fail as a matter of law for the reasons discussed above. See *Czech v. Wall St. On Demand, Inc.*, 674 F.Supp.2d 1102, 1115-1118 (D. Minn. 2009)(receipt of an unwanted transmission, even if said transmission were to consume limited electronic resources, does not constitute damage under the CFAA). A compelling indicator that Plaintiff has not alleged any actual harm to his business or property is the fact that he seeks what appear to be statutory damages in the amount of $1,000 for each alleged wrongful e-mail sent to him. (Ct. Rec. 13 at Paragraphs 229-232).

_____

[5] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide 'the grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id*. The factual allegations must allege a plausible claim. *Ashcroft v. Iqbal*, _____ U.S. _____ , 129 S.Ct. 1937, 1951 (2009).

**ORDER OF DISMISSAL-**        **6**

Simply put, Plaintiff asserts that his mere receipt of unsolicited commercial e-mail is actionable and that damage must be assumed. Confirmation of the same is Plaintiff's allegation that sending but a single unsolicited commercial e-mail involves some or all of a host of unlawful or criminal acts. (Ex. 13 at Paragraphs 168-199). The federal and state statutes upon which Plaintiff relies, however, do not provide for relief in that circumstance. If they did, every person who received an unsolicited commercial e-mail under any circumstance would have a cause of action on the basis that damage occurs simply because there is some use or consumption of the limited resources of the person's device (computer, cell phone, etc.).

For the specific reasons articulated above, as well as for the reasons previously articulated by the Ninth Circuit in *Virtimundo* and reiterated in subsequent district court decisions that have followed, all of the Plaintiff's claims fail as a matter of law, warranting *sua sponte* dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has had numerous "bites at the apple" and has repeatedly and unsuccessfully made the same allegations under the same legal theories against different defendants in different cases. The plaintiff has become a vexatious litigant whose lengthy "shotgun pleadings" force the court to engage in a time-consuming process of determining whether he has stated any claims for relief. If the Plaintiff were proceeding *in forma pauperis*, the court would consider issuing a pre-filing review order against him requiring that any complaints sought to be filed by him be subjected to screening before they could be filed. The Plaintiff apparently, however, has always paid the filing fee to commence his actions in federal court, or he has commenced actions in state court which have subsequently been removed to federal court. Attorney fees may be awarded as a sanction for filing a frivolous motion or for refusing to comply with court orders or rules. Fed.

**ORDER OF DISMISSAL-**        **7**

R. Civ. P. 11(c) and 54(d)(2)(E).  28 U.S.C. §1927 provides that any person "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred by such conduct."  The court notes that attorney fees have been awarded against the Plaintiff in at least a couple of his other federal court actions.  Although that seemingly has not deterred him from repeating the same allegations in subsequent actions filed by him, this order serves as a notice that should the Plaintiff file additional actions in the Eastern District of Washington not materially different from those previously filed by him, he will be subject to both monetary and non-monetary sanctions.  Sanctions may well be warranted in the instant matter for Plaintiff's failure to limit his Amended Complaint, but the court will not impose them at this time.

Defendants' Motion To Strike Plaintiff's Amended Complaint (Ct. Rec. 15) is **DISMISSED** as moot.  The court, on its own motion, **DISMISSES** this action with prejudice and the file shall be closed.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**  The District Court Executive shall forward copies of this order and the judgment to Plaintiff and to counsel for Defendants.

**DATED** this ___25th___ day of April, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
United States District Court Judge

**ORDER OF DISMISSAL-**        **8**